NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO RAMOS LOPEZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   20-72686

Agency No. A208-121-718

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

    Sergio Ramos Lopez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance and his

application for asylum, withholding of removal, and relief under the Convention

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review factual findings for substantial evidence. *Id.* at 1241. We deny in part and dismiss in part the petition for review.

There was no abuse of discretion in the denial of Ramos Lopez's request for a continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion).

Ramos Lopez's due process claim fails because he has not established prejudice from the denial of the continuance. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (requiring prejudice to prevail on a due process claim). We lack jurisdiction to consider Ramos Lopez's claim of IJ bias. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

20-72686

To the extent Ramos Lopez contends his first attorney's performance was deficient, the BIA did not err in denying his ineffective assistance of counsel claim, where Ramos Lopez failed to establish prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petition must demonstrate prejudice).

In his opening brief, Ramos Lopez does not contend the BIA erred in finding he waived any challenge to the to the IJ's dispositive determination that he failed to establish changed or extraordinary circumstances to excuse his untimely asylum application. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). Thus, Ramos Lopez's asylum claim fails.

The BIA did not err in concluding that Ramos Lopez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Ramos Lopez's withholding of removal claim fails.

Substantial evidence supports the denial of CAT relief because Ramos

Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**